## 𝔙𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### FULLER *v.* CONRAD'S ADM'R.

#### January 21, 1897.

1. DOWER—*How assigned—Rents and profits—Action of lower court not conclusive*
   The object of dower is to afford the widow a sure and competent support, and it should be so assigned that she may enjoy one-third of the income arising from the estate ; the probable rents and profits, and not the mere fee simple value, being the chief subject of consideration. While the report of commissioners to assign dower, and the action of the court in confirming their report, are entitled to much consideration, they are not conclusive, and, if they plainly depart from the above rule, the decree confirming the report will be reversed, and the report set aside.

Appeal from a decree of the Corporation Court of the city of Danville, pronounced October 11, 1894, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

This was a suit in chancery instituted by Cathryn Keogh Conrad, widow of Charles H. Conrad, against the Administrator and heirs of Charles H. Conrad, for the purpose of having dower assigned to her in kind, or the commuted value thereof paid in money in the event it could not be assigned in kind; and also for an account of the rents and profits of the real estate of said Conrad since his death.   The bill charged that there were deeds of trust on some of the land in which she had united with her husband, and that some payments had been made to her since the death of her husband by his administrator, for the support of herself and six infant children

of her husband who had resided with her since his death. The bill prayed for an account of the liens on the real estate, and incidentally for the settlement of other accounts, and for making certain enquiries not necessary to be stated. Commissioners were appointed to assign dower. They made their assignment and reported it to the court. Exceptions were filed to the report of the commissioners, but were overruled. Pending the suit the complainant intermarried with Louis Cullen Fuller. From the decree overruling the exceptions, and confirming said report, this appeal was allowed.

*Berkley & Harrison* and *A. J. Montague,* for the appellant.

*Green & Miller,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The lower court is justly entitled to large discretion in the matter of assigning dower, and the report of its commissioners appointed for the purpose, and the action of the court in confirming their report, is accorded much consideration by this court. Its judgment, however, in the premises is not conclusive, but subject to review like other judgments.

The object of dower is to afford the widow a sure and competent support, and it should be so assigned that she may enjoy one-third of the income arising from the estate, the probable rents and profits being the chief subject of consideration.

In an early Massachusetts case, Parsons, C. J., laid down this rule: "In the assignment of dower, commissioners are to regard the rents and profits only of the several parcels of the estate, out of which the dower is to be assigned. When they have ascertained the annual income of the whole estate, they ought to set off to the widow such a part as will yield her one-third part of such income, in parcels best calculated for the convenience of herself and of the heirs. This rule is adopted equally to protect widows from having an unproduc-

tive part of estates assigned to them, and to guard heirs from being left, during the life of the widow, without the means of support." *Leonard* v. *Leonard*, 4 Mass 533.

This equitable rule has not been impaired by age, but is as applicable to the case under consideration as to that in which it was announced nearly a century ago.

These principles have not been observed in this case. The court in its decree, and the commissioners in their report, seem to have regarded the fee simple value alone in determining the widows rights. The estate in which the appellant is entitled to dower is valued at $69,750, and consists almost entirely of highly improved city property. Of this $23,250, in fee simple value is assigned to the widow, in which assignment is included the only property without power to produce income belonging to the estate, valued at $6,250, thus imposing upon the widow a burden in taxes without the benefit of any income from more than one-fourth of the property assigned her, while all of the $46,500 worth of property reserved to the heirs has income producing capacity. The record clearly shows that under the division made the appellant falls short of getting her just proportion of the estate in rental value, and therefore the decree complained of must be reversed, the commissioners' report set aside, and the cause remanded for further proceedings to be had therein in accordance with the views expressed in this opinion.

*Reversed.*